UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JON FLEMING, individually,

    Plaintiff,

  v.

STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS; SGT. JOHN DOE TACKETT; CORRECTIONS OFFICER JOSE PORRES; CORRECTIONS OFFICER JOHN DOE VAN OGLE; LT. JOHN DOE HAYWARD; C. MAY; DOUGLAS WADDINGTON; and JOHN DOES 1 – 10,

    Defendants.

Case No. C07-5246FDB

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS

Defendants move for summary judgment on all claims against the state and individuals named in their official capacity because the Eleventh Amendment bars suit against the State and its officers. The Washington State Supreme Court has consistently held that the State has not waived its immunity to suit under 42 U.S.C. § 1983. *See, e.g., Rains v. State*, 100 Wn.2d 660, 666 (1983)(citing *Peters v. Lieuallen*, 693 F.2d 966, 970 (9th Cir. 1982). Also, "the eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is

ORDER - 1

retroactive, i.e., money damages, rather than prospective, e.g., an injunction." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). Additionally, the State is not a "person" subject to suit under Section 1983, *Will v. Michigan Dept. Of State Police*, 491 U.S. 58 (1989), nor are state officials acting in their official capacities "persons" for purposes of Section 1983. *Id.*

The statute of limitations for actions pursuant to Section 1983 in Washington is three years. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758 (9th Cir. 1991). The incident and refraction in this case occurred on March 16, 2004, and Fleming was found guilty of the infraction after a hearing on April 27, 2004, and Fleming's lawsuit was filed over three years from these occurrences.

Plaintiff responds conceding that the Eleventh Amendment precludes claims against the State in Federal court. Plaintiff also concedes that State officials cannot be sued in Federal court in their official capacities. Plaintiff argues, however, that the remaining claims against the individuals are not barred by the statute of limitations because Washington's claim filing statute requires that in cases against the state and state officers, a plaintiff must file a claim prior to filing a lawsuit, RCW 4.92.100. No lawsuit may be filed until 60 days have elapsed form the filing of the claim and the applicable statute of limitations is tolled during these 60 days. Thus, Plaintiff concludes that his case against the individuals is not barred by the applicable statute of limitations because of this tolling period.

Defendants reply arguing that complete summary judgment dismissing this case in its entirety is appropriate, given Plaintiff's concessions and the fact that no tolling period applies in this case.

The general state law limitations period for personal injury claims applies to the federal civil rights laws, which lack statutes of limitations of their own. *Felder v. Casey*, 487 U.S. 131, 140 (1988). The statute of limitations for actions brought under 42 U.S.C. § 1983 in Washington state is three years. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758 (9th Cir. 1991).

The Court concludes that Plaintiff's argument for a 60-day tolling period under certain claim filing statutes is unavailing. Prior to a legislative change in 2006, the Washington statute upon which

ORDER - 2

Plaintiff relies did not apply to lawsuits against individual employees. Thus under both RCW 4.92.100 (tortious conduct of state, claims, presentment) and RCW 4.96.020 (tortious conduct of local government entities, claims, presentment), Plaintiff was not required to submit a claim prior to bringing a lawsuit against an individual who was a state or local government employee. *Wright v. Terrell*, 162 Wash.2d 192 (2007) concluded and reiterated that "former RCW 4.96.020 (2001) does not apply to claims against individual government employees." In *Southwick v. Seattle Police Officer John Doe #s1-5,* ____ Wash. App. _____, 186 P.3d 1089 (2008), the Court concluded that RCW 4.96.020 has no application to claims under Section 1983 and the tolling provision of that statute cannot be separately applied to a Section 1983 action. *Id.* at 1093. The *Southwick* court cited *Silva v. Crain*, 169 F.3d 608 (9th Cir. 1999), which stated that special statutes of limitations associated with state notice claims generally have no applicability to Section 1983 actions and held that these statutes contained special statutes of limitations which apply in particular circumstances and no more tolled the general tort statute of limitations than other wholly separate statutes of limitations. *Southwick*, *Id.* There is no tolling of the general three-year statute of limitations applicable in this case.

ACCORDINGLY, IT IS ORDERED:

Defendants' Motion for Partial Summary Judgment [Dkt. # 30], converted to a Motion for full summary judgment in its reply [Dkt. # 35], is GRANTED and all claims in this case are DISMISSED with prejudice.

DATED this 11th day of September, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3